ELECTRONICALLY FILED - 2022 May 13 10:41 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| PETER BARBANO, ) | C/A NO.: 2022-CP-07-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| GREGORY M. PARKER, INC., and ) | |
| PARKER'S CORPORATION, and ) | |
| PARKER'S KITCHEN, and ) | |
| PARKER'S 38, ) | |
| ) | |
| Defendants. ) | |

TO: THE DEFENDANTS ABOVE-NAMED:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

/s/ Patrick W. Carr
Patrick W. Carr,
SC Bar No. 15585; Fed. I.D. No. 07190
Brian C. Kiel
SC Bar No. 103207
CARR LEGAL GROUP, LLC
1917 Lovejoy Street
Beaufort, SC 29902
Telephone: (843) 738-2277
Facsimile: (877) 327-2097
E-mail: patrick@carrlegal.com
*Attorneys for Plaintiff*

Dated: May 13, 2022

Beaufort, South Carolina

EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| PETER BARBANO, ) | C/A NO.: 2022-CP-07-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| GREGORY M. PARKER, INC., and ) | |
| PARKER'S CORPORATION, and ) | |
| PARKER'S KITCHEN, and ) | |
| PARKER'S 38, ) | |
| ) | |
| Defendants. ) | |

TO:   THE DEFENDANT ABOVE-NAMED:

The Plaintiff, complaining of the Defendant herein, would respectfully show this Court the following:

**PARTIES AND JURISDICTION**

1.   Plaintiff, Peter Barbano (hereafter "Peter"), is a citizen and resident of Beaufort County, South Carolina.

2.   Upon information and belief, Defendant Gregory M. Parker, Inc. (hereafter "Parker's") is a foreign corporate entity organized under the laws of the State of Georgia, which is registered to conduct business in the State if South Carolina, and which maintains agents and employees, transacts business, owns and manages real estate, and otherwise is connected by ownership and operation of many gas stations and convenience stores located throughout the State of South Carolina.

3.   Upon information and belief, Defendant Gregory M. Parker, Inc. is the corporate entity that owns and operates certain gas stations and convenience stores

ELECTRONICALLY FILED - 2022 May 13 10:41 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

know as Parker's Corporation and Parker's Kitchen and Parker's 38, which have business operations throughout the State of South Carolina.

4.     Upon information and belief, each and all of the Parker's entities named herein are essentially one and the same, and these corporate entities or designees have an amalgamation of interests with respect to the events alleged herein such that they must be jointly and severally liable for the tortious conduct outlined herein, and they shall all be collectively referred to as "Parkers" or "Defendant" throughout this action.

5.     More specifically, Defendant herein owns and operates a gas station and convenience store know as Parker's 38 located at 1286 Fording Island Road, Bluffton, in Beaufort County, South Carolina.

6.     The Defendant herein participates in the ownership, management, operation, supervision, maintenance, repairs, design, construction, and control over a certain gas station and convenience store known as Parker's, located at 1286 Fording Island Road, Bluffton, South Carolina, which is where the events described herein occurred.

7.     The events complained of herein occurred on or about May 12, 2021, at the Defendant's Parker's gas station and convenience store located in Beaufort County, South Carolina.

8.     This action is timely brought, and all necessary and proper parties are correctly joined and identified herein.

9.     This Court has jurisdiction over the subject matter and the parties herein, the venue is proper in the Beaufort County Court of Common Pleas.

## FOR A FIRST CAUSE OF ACTION
(Negligence-Premises Liability)

10. The entire content of the preceding paragraphs is restated and incorporated as if set forth herein verbatim.

11. On May 12, 2021, Peter arrived as a business invitee and paying customer at Parker's store # 38, a gas station and convenience store, located in Bluffton, Beaufort County, South Carolina.

12. At all times herein, Peter was exercising due care of his own safety, and he had no knowledge of any hazards or unsafe conditions within the Defendant's business.

13. Peter entered the Defendant's property for the purpose of conducting business at the gas station and the convenience store.

14. Peter was lawfully using the parking lot and common area pedestrian walkways which are owned, managed, controlled, and maintained by the Parker's Defendants herein.

15. Peter was entering the gas station and convenience store to conduct business when he noticed a dangerous hazard in his path of foot travel. A wheel-stop with a piece of rebar sticking out of the top was near the front of the entrance to the gas station and convenience store. To avoid this obvious hazard, Peter stepped up onto the unmarked curb to the sidewalk.

16. When Peter encountered these dangerous conditions on the Defendants premises, he tripped, lost his balance, and suffered a violet fall resulting in a broken femur and other severe injuries.

ELECTRONICALLY FILED - 2022 May 13 10:41 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

17.     The unsafe piece of rebar sticking up out of the top of the wheel stop closest to the front entrance of Defendants' place of business created a visual distraction for Peter, such that his attention was focused on navigating around and avoiding striking this piece of rebar, and such caused Peter to miss the full height of the curb step up in front of him such that he suffered a violent fall.

18.     Wheel stops in commercial parking lots are generally disfavored for safety reasons by those who are knowledgeable about commercial parking lot safety due to the frequent trip and injury hazards they present to visitors and customers.

19.     Defendants knew or with reasonable care and inspection should have known of the dangerous and unsafe conditions associated with this parking lot, curbing sidewalk, and pedestrian pathway prior to Peter's fall.

20.     Prior to Peter's fall, Defendants herein created and knew about the piece of rebar sticking up out of the wheel stop closest to the front entrance of their convenience store, and the foreseeability that such could present a hazard or risk of injury to pedestrian visitors at this premises.

21.     As a commercial property owner or manager of real property in the State of South Carolina, each and all of the Defendants herein, specifically Gregory M. Parker, Inc. and all of their subsidiaries, affiliates, parent companies, sister companies, and other related entities, owed Peter and the public at large certain duties of care, by law, with respect to the care, management, and maintenance of the subject commercial property and all surrounding wheel-stops, curbing, sidewalks, landscapes, and parking lot areas.

22.     These duties include, but are not limited to, a duty to keep the premises in a reasonably safe condition, a duty to properly maintain and inspect the premises, a duty

ELECTRONICALLY FILED - 2022 May 13 10:41 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

to warn of and/or correct any hazards or dangerous conditions about the premises, and a duty to refrain from any action or inaction that would needlessly expose their guests or customers to danger or risk of injury.

23. These duties of care extended to all members of the public lawfully coming onto the property where Peter fell, including Peter himself.

24. Each and all of the Defendants herein could have timely, reasonably, and feasibly made the needed repairs and corrections to the wheel-stops, curbing, sidewalk, and parking lot areas at the location of Peter's fall with reasonable attention and diligence dedicated to customer safety, but the Defendants did not do so prior to Peter's fall.

25. At the location of Peter's fall, there were no warning signs or other avoidance devices placed by the Defendants alerting customers to the presence of this protruding piece of vertical rebar from the wheel stop, nor were there any conspicuous paintings or colorations in place designed to draw the eyesight of foreseeable pedestrian users of the step up or height deviation presented by the curbing in this area.

26. Each and all of the Defendants herein breached their duties of due care owed to Peter in one or more of the following ways:

    a. Failing to maintain and provide a reasonably safe premises for its invitees and the public at large;

    b. Causing and allowing an unreasonably dangerous condition to exist on its premises;

    c. Failing to provide safe and proper wheel stops, curbing, colored markings, and pedestrian pathways in the common areas of the premises;

ELECTRONICALLY FILED - 2022 May 13 10:41 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

d. Failing to warn of a known dangerous condition on its premises;

e. Failing to correct a known dangerous condition on its premises;

f. Failing to adequately provide for the general safety of Peter and the public at large;

g. Failing to provide safe and proper, painting, coloration, or other conspicuity devices to warn pedestrian users of height deviations, sloping, and other hidden dangers about the premises;

h. Failing to adequately inspect and maintain their premises and all foreseeable pedestrian paths surrounding this commercial business complex;

i. Failing to post any signs or warnings intended to draw the attention of Peter and others to the dangerous condition of the wheel stops, sidewalks, curbing, and parking lot areas surrounding this premises;

j. Failing to adequately train and supervise its agents, servants, and employees in risk management, inspection and detection of hazards, and repair or maintenance procedures;

k. Failing to exercise that degree of care and caution that a reasonable commercial property owner or manager would exercise under the same or similar circumstances;

l. By violating one or more of the applicable building codes, safety guidelines, and industry standards made and provided for parking lots, curbing, and safe walking surfaces located in commercial areas within Beaufort County, South Carolina; and,

    m.    Such other and further particulars as may be demonstrated at the trial of this case.

27. There are no known circumstances or conditions, whether business, architectural, structural, or otherwise that would have prevented Defendants from taking responsible and timely action to repair and make safe the pedestrian paths, wheel stops, curbing, sidewalks, and parking lot pathways at this location before Peter fell.

28. As a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, wantonness, and willfulness of each and all the Defendants herein, Plaintiff Peter Barbano has suffered severe personal injuries and other damages, including but not limited to:

    a.    Physical injuries;

    b.    Medical expenses, including physicians, hospital, medicines, physical therapy expenses, rehabilitation expenses, and transportation expenses connected with medical treatment;

    c.    Mental anguish and emotional distress;

    d.    Permanent impairment of health;

    e.    Pain and suffering;

    f.    Fear and anxiety;

    g.    Out of pocket expenses;

    h.    Loss of enjoyment of life;

    i.    Loss of income and earning capacity;

    j.    Alteration of lifestyle; and,

    k.    Such other damages as will be shown by the evidence at trial.

ELECTRONICALLY FILED - 2022 May 13 10:41 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

ELECTRONICALLY FILED - 2022 May 13 10:41 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

29.   Plaintiff, Peter Barbano is entitled to judgment against the each and all of the Defendants, Gregory M. Parker, Inc., Parker's Corporation, Parker's Kitchen, and Parker's 38, all jointly and severally, for actual damages, for punitive damages, for the costs of this action, for pre-judgment interest on all special damages, for post-judgment interest, and for such other and further relief as the Court may deem just and appropriate.

**WHEREFORE**, having fully raised his Complaint against the Defendants, Gregory M. Parker, Inc., Parker's Corporation, Parker's Kitchen, and Parker's 38, Plaintiff Peter Barbano prays this Court inquire into the matters set forth herein and grant them judgment against these Defendants, Gregory M. Parker, Inc., Parker's Corporation, Parker's Kitchen, and Parker's 38, all jointly and severally, for actual damages, for punitive damages, for the costs of this action, for pre-judgment interest on all special damages, for post judgment interest, and for such other and further relief as the Court may deem just and appropriate.

Dated: May 13, 2022

Beaufort, South Carolina

/s/ Patrick W. Carr
Patrick W. Carr
SC Bar No. 15585; Fed. I.D. No. 07190
Brian C. Kiel
SC Bar No. 103207
CARR LEGAL GROUP, LLC
1917 Lovejoy Street
Beaufort, SC 29902
Telephone: (843) 738-2277
Facsimile: (877) 327-2097
E-mail: patrick@carrlegal.com
*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2022 Jul 06 2:16 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| PETER BARBANO, ) | C/A NO.: 2022-CP-07-00812 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AMENDED SUMMONS |
| ) | |
| GREGORY M. PARKER, INC., ) | |
| ) | |
| Defendant. ) | |

TO: THE DEFENDANT ABOVE-NAMED:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

Dated: July 6, 2022

Beaufort, South Carolina

/s/ Patrick W. Carr
Patrick W. Carr,
SC Bar No. 15585; Fed. I.D. No. 07190
Brian C. Kiel
SC Bar No. 103207
CARR LEGAL GROUP, LLC
1917 Lovejoy Street
Beaufort, SC 29902
Telephone: (843) 738-2277
Facsimile: (877) 327-2097
E-mail: patrick@carrlegal.com
*Attorneys for Plaintiff*

Page **1** of **9**

ELECTRONICALLY FILED - 2022 Jul 06 2:16 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| PETER BARBANO, ) | C/A NO.: 2022-CP-07-00812 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AMENDED COMPLAINT |
| ) | |
| GREGORY M. PARKER, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

TO:   THE DEFENDANT ABOVE-NAMED:

The Plaintiff, complaining of the Defendant herein, would respectfully show this Court the following:

## PARTIES AND JURISDICTION

1.   Plaintiff, Peter Barbano (hereafter "Peter"), is a citizen and resident of Beaufort County, South Carolina.

2.   Upon information and belief, Defendant Gregory M. Parker, Inc. (hereafter "Parker's") is a foreign corporate entity organized under the laws of the State of Georgia, which is registered to conduct business in the State if South Carolina, and which maintains agents and employees, transacts business, owns and manages real estate, and otherwise is connected by ownership and operation of many gas stations and convenience stores located throughout the State of South Carolina.

3.   Upon information and belief, Defendant Gregory M. Parker, Inc. is the corporate entity that owns and operates certain gas stations and convenience stores known as Parker's, which has business operations throughout the State of South Carolina.

4.     More specifically, Defendant Gregory M. Parker, Inc. is the sole owner and operator of the subject gas station and convenience store know as Parker's 38 located at 1286 Fording Island Road, Bluffton, in Beaufort County, South Carolina.

5.     The Defendant herein participates in the ownership, management, operation, supervision, maintenance, repairs, design, construction, and control over a certain gas station and convenience store known as Parker's, located at 1286 Fording Island Road, Bluffton, South Carolina, which is where the events described herein occurred.

6.     The events complained of herein occurred on or about May 12, 2021, at the Defendant's Parker's gas station and convenience store located in Beaufort County, South Carolina.

7.     Upon information and belief, Defendant Gregory M. Parker, Inc. is a very successful multi-million dollar corporation that derives substantial revenues and profits from their business operations in South Carolina.

8.     Upon information and belief, Defendant Gregory M. Parker, Inc. is legally responsible for the design, construction, maintenance, inspection, safety, and all operations and other particulars associated with the subject gas station and convenience store located at 1286 Fording Island Road in Beaufort County, South Carolina, and this corporate entity Gregory M. Parker, Inc. is the only proper party Defendant in this action.

9.     This action is timely brought, and all necessary and proper parties are identified herein.

10.    This Court has jurisdiction over the subject matter and the parties herein, the venue is proper in the Beaufort County Court of Common Pleas.

ELECTRONICALLY FILED - 2022 Jul 06 2:16 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

## FOR A FIRST CAUSE OF ACTION
### (Negligence-Premises Liability)

11. The entire content of the preceding paragraphs is restated and incorporated as if set forth herein verbatim.

12. On May 12, 2021, Peter arrived as a business invitee and paying customer at Parker's store # 38, a gas station and convenience store owned and operated by Defendant herein, located in Bluffton, Beaufort County, South Carolina.

13. At all times herein, Peter was exercising due care of his own safety, and he had no knowledge of any hazards or unsafe conditions within the Defendant's business.

14. Peter entered the Defendant's property for the purpose of conducting business at the gas station and the convenience store.

15. Peter was lawfully using the parking lot and common area pedestrian walkways which are owned, managed, controlled, and maintained by the Defendant herein.

16. Peter was entering the gas station and convenience store to conduct business when he noticed a dangerous hazard in his path of foot travel. Specifically, a wheel-stop with a piece of rebar sticking out of the top was near the front of the entrance to the gas station and convenience store, and in order to avoid this obvious hazard, Peter took caution to avoid contact with this exposed piece of rebar as he attempted to step up onto the unmarked curb to the sidewalk.

17. When Peter encountered these dangerous conditions on the Defendant's premises, he tripped, lost his balance, and suffered a violet fall resulting in a broken femur and other severe injuries.

ELECTRONICALLY FILED - 2022 Jul 06 2:16 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

18. The unsafe piece of rebar sticking up out of the top of the wheel stop closest to the front entrance of the Defendant's place of business created a visual distraction for Peter, such that his attention was focused on navigating around and avoiding striking this piece of rebar, and such caused Peter to miss the full height of the curb step up in front of him such that he suffered a violent fall.

19. Wheel stops in commercial parking lots are generally disfavored for safety reasons by those who are knowledgeable about commercial parking lot safety due to the frequent trip and injury hazards they present to visitors and customers.

20. The Defendant knew or with reasonable care and inspection should have known of the dangerous and unsafe conditions associated with this parking lot, curbing sidewalk, and pedestrian pathway prior to Peter's fall.

21. Prior to Peter's fall, the Defendant herein created and knew about the piece of rebar sticking up out of the wheel stop closest to the front entrance of their convenience store, and the foreseeability that such could present a hazard or risk of injury to pedestrian visitors at this premises.

22. As a commercial property owner or manager of real property in the State of South Carolina, the Defendant Gregory M. Parker, Inc. owed Peter and the public at large certain duties of care, by law, with respect to the care, management, and maintenance of the subject commercial property and all surrounding wheel-stops, curbing, sidewalks, landscapes, and parking lot areas.

23. These duties include, but are not limited to, a duty to keep the premises in a reasonably safe condition, a duty to properly maintain and inspect the premises, a duty to warn of and/or correct any hazards or dangerous conditions about the premises, and

a duty to refrain from any action or inaction that would needlessly expose their guests or customers to danger or risk of injury.

24. These duties of care extended to all members of the public lawfully coming onto the property where Peter fell, including Peter himself.

25. The Defendant herein could have timely, reasonably, and feasibly made the needed repairs and corrections to the wheel-stops, curbing, sidewalk, and parking lot areas at the location of Peter's fall with reasonable attention and diligence dedicated to customer safety, but the Defendant did not do so prior to Peter's fall.

26. At the location of Peter's fall, there were no warning signs or other avoidance devices placed by the Defendant alerting customers to the presence of this protruding piece of vertical rebar from the wheel stop, nor were there any conspicuous paintings or colorations in place designed to draw the eyesight of foreseeable pedestrian users of the step up or height deviation presented by the curbing in this area.

27. The Defendant herein breached the duties of due care owed to Peter in one or more of the following ways:

    a. Failing to maintain and provide a reasonably safe premises for its invitees and the public at large;

    b. Causing and allowing an unreasonably dangerous condition to exist on its premises;

    c. Failing to provide safe and proper wheel stops, curbing, colored markings, and pedestrian pathways in the common areas of the premises;

    d. Failing to warn of a known dangerous condition on its premises;

e. Failing to correct a known dangerous condition on its premises;

f. Failing to adequately provide for the general safety of Peter and the public at large;

g. Failing to provide safe and proper, painting, coloration, or other conspicuity devices to warn pedestrian users of height deviations, sloping, and other hidden dangers about the premises;

h. Failing to adequately inspect and maintain their premises and all foreseeable pedestrian paths surrounding this commercial business;

i. Failing to post any signs or warnings intended to draw the attention of Peter and others to the dangerous condition of the wheel stops, sidewalks, curbing, and parking lot areas surrounding this premises;

j. Failing to adequately train and supervise its agents, servants, and employees in risk management, inspection and detection of hazards, and repair or maintenance procedures;

k. Failing to exercise that degree of care and caution that a reasonable commercial property owner or manager would exercise under the same or similar circumstances;

l. By violating one or more of the applicable building codes, safety guidelines, and industry standards made and provided for parking lots, curbing, and safe walking surfaces located in commercial areas within Beaufort County, South Carolina; and,

m. Such other and further particulars as may be demonstrated at the trial of this case.

ELECTRONICALLY FILED - 2022 Jul 06 2:16 PM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700812

28. There are no known circumstances or conditions, whether business, architectural, structural, or otherwise that would have prevented the Defendant from taking responsible and timely action to repair and make safe the pedestrian paths, wheel stops, curbing, sidewalks, and parking lot pathways at this location before Peter fell.

29. As a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, wantonness, and willfulness the Defendant herein, Plaintiff Peter Barbano has suffered severe personal injuries and other damages, including but not limited to:

   a. Physical injuries;
   b. Medical expenses, including physicians, hospital, medicines, physical therapy expenses, rehabilitation expenses, and transportation expenses connected with medical treatment;
   c. Mental anguish and emotional distress;
   d. Permanent impairment of health;
   e. Pain and suffering;
   f. Fear and anxiety;
   g. Out of pocket expenses;
   h. Loss of enjoyment of life;
   i. Loss of income and earning capacity;
   j. Alteration of lifestyle; and,
   k. Such other damages as will be shown by the evidence at trial.

30. Plaintiff, Peter Barbano, is entitled to judgment against the Defendant

Gregory M. Parker, Inc., for actual damages, for punitive damages, for the costs of this action, for pre-judgment interest on all special damages, for post-judgment interest, and for such other and further relief as the Court may deem just and appropriate.

**WHEREFORE**, having raised this Amended Complaint against the Defendant, Gregory M. Parker, Inc., Plaintiff Peter Barbano prays this Court inquire into the matters set forth herein and grant them judgment against the Defendant, Gregory M. Parker, Inc., for actual damages, for punitive damages, for the costs of this action, for pre-judgment interest on all special damages, for post judgment interest, and for such other and further relief as the Court may deem just and appropriate.

|  |  |
|---|---|
| Dated: July 6, 2022<br><br>Beaufort, South Carolina | /s/ *Patrick W. Carr*<br>Patrick W. Carr<br>SC Bar No. 15585; Fed. I.D. No. 07190<br>Brian C. Kiel<br>SC Bar No. 103207<br>CARR LEGAL GROUP, LLC<br>1917 Lovejoy Street<br>Beaufort, SC 29902<br>Telephone: (843) 738-2277<br>Facsimile: (877) 327-2097<br>E-mail: patrick@carrlegal.com<br>*Attorneys for Plaintiff* |

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BEAUFORT | ) | FOURTEENTH JUDICIAL CIRCUIT |
| PETER BARBANO, | ) | C/A NO.: 2022-CP-07-00812 |
| Plaintiff, | ) | |
| v. | ) | ACCEPTANCE OF SERVICE |
| GREGORY M. PARKER, INC., | ) | |
| Defendant. | ) | |

I, James D. Smith, Jr., as counsel for the named Defendant in the above matter (civil action number 2022-CP-07-00812), hereby acknowledge and accept service of process of the Amended Summons and Amended Complaint filed on July 06, 2022. This confirms that no further service of process shall be necessary in this action to obtain personal jurisdiction over the Defendant herein. This acceptance of service is made pursuant to Rule 4(j), SCRCP, occurring in Mount Pleasant, South Carolina on this _18_ day of July 2022.

By: _____
James D. Smith, Jr., Esquire
SC Bar No. 16179
McAngus Goudelock & Courie, LLC
Post Office Box 650007
Mt. Pleasant, SC 29465
Telephone: (843) 576-2900
Facsimile: (843) 534-0605
Email: jsmith@mgclaw.com